UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY FIELDS (#115883)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN, ET AL.** | **NO. 11-0244-BAJ-CN** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEROY FIELDS (#115883)**                                   **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**                             **NO. 11-0244-BAJ-CN**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 14. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Chad Menzina, Major Chad Butler, Supervisor James Douzart, Capt. Johnny Tubbs, Sgt. Ray Jones, and Sgt. Dennis Hall, complaining that the defendants violated his constitutional rights on July 27, 2010, by failing to protect him from harm at the hands of a co-inmate, resulting in the plaintiff sustaining injury on that date.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently,

---

[1] An attempt by the United States Marshal's Office to serve defendant Dennis Hall has proven unsuccessful because service of process has not been accepted on behalf of this defendant by the Louisiana Department of Public Safety and Corrections. Specifically, a representative of the Department has indicated that this defendant is "not employed with DOC anymore." See rec.doc.no. 10. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Dennis Hall be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the grounds of entitlement to relief. Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court further stated that while there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, "something beyond ... mere possibility ... must be alleged." Id. Specifically, the facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended,[2] the plaintiff alleges that on July 27, 2010, he was awakened by pain in his arm and found that he had been cut with a razor by a co-inmate, Lionel Worthy, who was on the tier hallway. The plaintiff contends that approximately eight (8) years earlier, in August, 2002, he had been involved in a serious confrontation with co-inmate Worthy and, as a result, co-inmate Worthy and the plaintiff had been listed on each other's respective enemy lists. Notwithstanding, the plaintiff contends that co-inmate Worthy was allowed to gain access to the plaintiff's tier hallway on July 27, 2010, as an assigned "tier walker", and was thereby allowed to inflict the injuries complained of herein. The plaintiff further contends that, after he reported the incident, defendant Jones failed to honor the plaintiff's request that the co-inmate be searched for the referenced weapon and, instead, acted to cover up the co-inmate's wrongdoing. Finally, the plaintiff complains that defendants Menzina, Butler, Douzart and Tubbs arrived at the cell tier and, after discussion among themselves,

---

[2] On April 26, 2011, the plaintiff filed a supplemental pleading wherein he provided additional factual development and attached pertinent documentation, see rec.doc.no. 6. Whether or not it is appropriate to interpret this pleading to be an amendment to the plaintiff's Complaint, it is appropriate for the Court to consider this pleading in addressing the instant motion to dismiss. See Howard v. King, 707 F.2d 215 (5th Cir. 1983); McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979).

concluded that they did not believe the plaintiff's assertions. Instead, they issued the plaintiff a false disciplinary report charging him with "self-mutilation". In addition, while they were discussing the matter, the defendants allowed the offending co-inmate to remain on the cell tier immediately after the incident, thereby subjecting the plaintiff to additional potential danger from the co-inmate.

Initially, the defendants assert that the plaintiff has failed to sufficiently allege the personal participation of defendant Burl Cain in the events complained of. Upon a review of the plaintiff's pleadings, the Court finds that the defendants' motion in this regard is well-taken. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must either have been personally and directly involved in conduct causing an alleged deprivation of the inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Cain is responsible for the actions of subordinate officers or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, it appears that the plaintiff has

insufficiently alleged that defendant Cain has taken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no assertion that defendant Cain participated directly or personally in assigning the offending co-inmate to the plaintiff's cell tier or was otherwise aware, prior to the altercation complained of, that the plaintiff faced any risk of danger from the offending co-inmate on the referenced date. To the contrary, the most which the plaintiff has alleged relative to defendant Cain is that this defendant should have been aware of a potential danger because, on three previous occasions, in December, 2006, January, 2007, and January, 2009, security officers allowed co-inmate enemies to gain access to the plaintiff, yet defendant Cain has taken no action to prevent further harm resulting from such "negligence", notwithstanding that the defendant has been informed of same through the plaintiff's administrative grievances. As previously noted, however, mere supervisory authority is not a basis for liability under § 1983, and the mere fact that the plaintiff may have filed one or more administrative grievances at the prison does not support a finding that the defendant warden was placed on actual notice of any specific danger faced by the plaintiff, particularly at a correctional facility housing more than 5,000 inmates. See Anderson v. Pratt, 2002 WL 1159980 (N.D. Tex., May 29, 2002) (finding that receipt and denial of an inmate's grievance by the warden's office did not establish personal involvement on the part of the warden in the alleged deprivation of the inmate's constitutional rights). Further, the law is clear that there is no constitutional violation in any alleged failure to investigate and/or respond favorably to an inmate's administrative grievances in any event. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, it does not appear

that the plaintiff has stated a claim for relief against defendant Cain, and this defendant is therefore entitled to a dismissal of the plaintiff's claims asserted against him.

Turning to the plaintiff's claims asserted against the remaining defendants, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to sufficiently allege their participation in any violation of his constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.[3]

Applying the foregoing standard, the Court concludes that the

---

[3] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

defendants' motion is well-taken, but only in part as hereafter discussed.

Initially, the Court concludes that the defendants' motion should be granted with respect to defendants Menzina, Butler, Tubbs and Jones, and that the plaintiff's allegations fail to overcome the defendants' assertion of the defense of qualified immunity relative to these defendants. Specifically, the plaintiff does not allege that any of these defendants were responsible for assigning the offending co-inmate to the plaintiff's cell tier or were otherwise aware of any danger faced by the plaintiff at the hands of the co-inmate. As acknowledged by the plaintiff, he was asleep when the offending co-inmate arrived on the cell tier, so the plaintiff had no opportunity to alert prison officials in advance to the danger which he allegedly faced. The most which he alleges relative to these defendants is that, <u>after</u> the incident, they arrived on the plaintiff's cell tier, engaged in a discussion among themselves, made a determination that they disbelieved the plaintiff's account of the incident and, instead, charged the plaintiff with a false disciplinary report, accusing the plaintiff of self-mutilation. In addition, the plaintiff complains that defendant Jones failed to honor the plaintiff's request to search the offending co-inmate for the weapon used in the attack, and that all of the defendants allowed the co-inmate to remain on the cell tier immediately after the incident, thereby subjecting the plaintiff to additional potential danger.

These assertions do not state claims of constitutional dimension. First, the plaintiff does not allege that any of these defendants participated in assigning the offending co-inmate to the plaintiff's cell tier or had any notification, prior to the alleged assault, that the plaintiff faced a potential danger at the hands of the co-inmate.

Accordingly, inasmuch as there can be no liability under § 1983 in the absence of direct participation in the constitutional violation alleged, there is no legal or factual basis for a finding of liability on the part of these defendants relative to this claim. See Lozano v. Smith, supra. Further, the plaintiff's claim that the defendants may have disbelieved his account of the incident and instead charged him with a false or wrongful disciplinary report does not state a claim of constitutional dimension unless the punishment imposed against the plaintiff subjected him to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The plaintiff has alleged no such deprivation. Further, the plaintiff does not have any perceived constitutional right to compel a defendant security officer to search an offending co-inmate after a reported incident and, accordingly, there can be no liability resulting from such an alleged failure. Finally, the plaintiff's claim that the defendants allowed the offending co-inmate to remain on the cell tier immediately after the reported incident is not one of constitutional dimension. Specifically, the plaintiff does not allege that he was again assaulted by the co-inmate during this interval, and in the absence of any injury resulting from the defendants' conduct in this regard, there can be no corresponding liability. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Accordingly, in light of the plaintiff's failure to allege any physical injury resulting from this alleged wrongful conduct, the plaintiff fails to state a cause of action relative to this claim. These defendants, therefore, are

entitled to dismissal from this proceeding as a matter of law.[4]

Notwithstanding the foregoing, and turning to the plaintiff's claim asserted against the remaining defendant, James Douzart, the Court finds, in contrast, that the motion to dismiss should be denied relative to this defendant at the present time. In this regard, the plaintiff's allegations relative to defendant Douzart implicate the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in the form of exposure to an unreasonable threat of harm or violence at the hands of other inmates. Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981); Johnston v. Lucas, 786 F.2d 1254 (5th Cir. 1986). Although not every prison fight is actionable, the courts have recognized that there may be liability in connection with this cause of action where there exists on the part of a defendant security officer an intent to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. Johnston v. Lucas, supra. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

---

[4] To the extent that the plaintiff alleges that the defendants engaged in a conspiracy to cover up the alleged attack by the co-inmate, the plaintiff fails to state a cause of action under § 1983. In order to plead a plausible claim of conspiracy, a plaintiff "must show that the defendants agreed to commit an illegal act." Arsenaux v. Roberts, 726 F.2d 1022 (5th Cir. 1982). Conclusory accusations of conspiracy do not state a claim under § 1983 unless the plaintiff supports his allegations with material facts. Babb v. Dorman, 33 F.3d 472 (5th Cir. 1994). In the instant case, the plaintiff alleges only that the defendants met in the lobby of his cell tier after he reported the incident and, after a discussion, concluded that the plaintiff was fabricating the report. The plaintiff offers no more than his conclusory and unsubstantiated belief that the defendants banded together to commit an illegal act and, in any event, as previously discussed, a determination to charge the plaintiff with a false or wrongful disciplinary report does not amount to illegal conduct which violates the plaintiff's constitutional rights.

Specifically, the official must have both been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and he must also have draw the inference.  Id.  Further, in appropriate circumstances, deliberate indifference may be inferred from the obviousness of the substantial risk.  Id.

Applying this standard to the plaintiff's allegations in the instant case, the Court finds that these allegations are sufficient to state a claim relative to defendant Douzart.  The plaintiff alleges that on the date of the incident complained of, defendant Douzart was responsible for undertaking a "complete enemy check" before allowing the co-inmate tier walker to obtain access to the plaintiff on the plaintiff's assigned cell tier.  The plaintiff further alleges that defendant Douzart "intentionally" failed to perform this task and instead assigned the offending co-inmate to the plaintiff's cell tier with knowledge of the plaintiff's location.  Finally, the plaintiff alleges that after the attack, the offending co-inmate told the plaintiff that defendant Douzart had specifically sent the co-inmate to attack the plaintiff because the defendant believed the plaintiff to be a "rat" who deserved to be "seriously hurt or killed".  In support of these assertions, the plaintiff further represents that he has been subjected to prior attacks by co-inmate enemies, an one of these attacks allegedly involved defendant Douzart.  Further, to refute the defendant's assertion that the plaintiff injured himself, the plaintiff points out that he was not sent to see a mental health officer after the incident, which normally would have been undertaken had the plaintiff been believed to have injured himself.  Based on these assertions, and in light of the liberal pleading rules applicable to pro se filings, the Court finds that the plaintiff's allegations are sufficient to state a claim upon which relief may be

granted as to this defendant.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendant Dennis Hall be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure.  It is further recommended that the defendants' Motion to Dismiss, rec.doc.no. 14, be granted in part and denied in part, dismissing the plaintiff's claims asserted against defendants Burl Cain, Chad Menzina, Chad Butler, Johnny Tubbs and Ray Jones, with prejudice, and that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's claim asserted against defendant James Douzart that this defendant violated the plaintiff's constitutional rights by failing to protect him from harm at the hands of a co-inmate on July 27, 2010.

Signed in chambers in Baton Rouge, Louisiana, November 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**